## CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois ) S.S.
County of St. Clair )

Case Number __10-L-0300__

Amount Claimed __over $15,000__

| MATTHEW SCHAEFER AND CYNTHIA SCHAEFER | UNIVERSAL SCAFFOLDING & EQUIPMENT, LLC |
|---|---|
| Plaintiff(s) | VS Defendant(s) |

Classification Prefix __L__ Code __2__ Nature of Action _____ Code ____

Pltf. Atty. __Andrew G. Toennies__ Code __6212112__
Address __714 Locust__
City __ST. Louis, MO 63101__ Phone __(314) 621-2939__
Add. Pltf. Atty. _____ Code ____

TO THE SHERIFF: SERVE THIS DEFENDANT AT:
NAME __Universal Scaffolding & Equipment, LLC__
ADDRESS __973 South 3rd Street__
CITY & STATE __Memphis, TN  38106__

**SUMMONS COPY**
To the above named defendant(s) . . . . . : xx

☐ A. You are hereby summoned and required to appear before this court at (court location) _____ at _____ M. On _____ 20 __ to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

☐ B. You are hereby summoned and required to file an answer in this case or otherwise file your appearance, in the office of the Clerk of this court, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment or decree by default may be taken against you for the relief prayed in the complaint.

TO THE OFFICER:
This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, __Aug 31__ 20 __10__

_____
Clerk of Court

BY DEPUTY: _____

SEAL

DATE OF SERVICE: _____, 20 ____
(To be inserted by officer on copy left with defendant or other person)

**EXHIBIT A**

ICE TO DEFENDANT IN SMALL CLAIMS UNDER $15,000- - -SEE REVERSE SIDE

CC-MR-1

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY
STATE OF ILLINOIS

MATTHEW SCHAEFER AND )
CYNTHIA SHAEFER )
                                              )
                 Plaintiffs, )
vs. ) Cause No. 10-L- 0300
                                              )
UNIVERSAL SCAFFOLDING & EQUIPMENT, )
LLC, )
                                              )
               Defendant. )

FILED
ST. CLAIR COUNTY
JUN 1 6 2010

## COMPLAINT

Plaintiffs Matthew and Cynthia Schaefer for their causes of action against Defendant Universal Scaffolding and Equipment, states and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Matthew Schaefer is an adult, residing in Randolph County, Illinois.

2. Plaintiff Cynthia Schaefer is an adult, residing in Randolph County, IL.

3. Defendant Universal Scaffolding & Equipment (hereinafter Universal) is a corporation in good standing with its principal place of business.

4. Defendant Universal is an Illinois corporation that was at all times mentioned herein authorized to transact business in Illinois and was transacting systematic and continuous business in Illinois.

5. Venue is proper pursuant to IL. Rev. Stat. §508.010(4) because Plaintiff was first injured by the wrongful acts and negligent conduct alleged herein in St. Louis County, Missouri.

### GENERAL ALLEGATIONS COMMON TO ALL COUNTS

6. On or about November 17, 2008, Mathew Schaefer was employed as a carpenter for Brand Energy Services, LLC, a power plant at Baldwin, Illinois.

7. On that date, Plaintiff was working on a high rise scaffolding manufactured by Universal Scaffolding and Equipment with Cup*Lock Product Identification Number.

8. At all relevant times, the scaffolding was being used for its intended purpose and was being put to a reasonably anticipated use in that it was manufactured and sold for the purpose of working above ground on industrial construction projects.

9. On said date, the scaffolding being used contained pieces that were of irregular length and did not fit together evenly causing an irregular fit and uneven frame, the bars did not fit properly into the cup and the ends were twisted which caused plaintiff to fall and become injured.

10. As a result of the fall, plaintiff experienced disabling injuries to his neck, back, head, shoulders and arms.

11. Upon information and belief, Defendant Universal manufactured and distributed the scaffolding.

## COUNT I
## NEGLIGENCE

Plaintiff Matthew Schaefer for Count I of his Complaint against Defendant Universal, states and alleges as follows:

12. Plaintiff hereby incorporates each allegation alleged in paragraphs 1 through 11 above as though fully set forth herein.

13. At all relevant times, Defendant, by and through their agents, servants and/or employees, engaged in the design, manufacture, inspection, distribution, and/or sale of the

2

scaffolding and, in the course of their business, designed, manufactured, inspected, distributed, and/or sold the scaffolding that is the subject of this lawsuit.

14. At all relevant times, Defendant had a duty to exercise ordinary care in the design, manufacture, distribution, sale, maintenance, inspection, service, and/or advertising of the scaffolding.

15. Defendant failed to exercise ordinary care in the design, manufacture, distribution, sale, maintenance, inspection, service, and/or advertisement of the scaffolding, in one or more of the following respects:

    A. Defendant designed, manufactured, distributed and/or sold the scaffolding in a defective and dangerous condition in that the scaffolding was not designed and manufactured in a uniform length to fit together properly and the ends were twisted;

    B. Defendant failed to design, manufacture and/or equip the scaffolding with any and/or adequate safety mechanisms to warn the scaffolding assembler of the irregular length of the scaffolding pieces;

    C. Defendant failed to provide adequate and/or any warnings or instructions regarding the associated risks with using the scaffolding when the pieces were assembled with pieces of different lengths;

16. Defendant knew, or in the exercise of ordinary care, should have known of the unreasonable risk of harm associated with the scaffolding, including but not limited to:

    A. The defective and unreasonably dangerous condition of the scaffolding;

    B. The potential that the scaffolding pieces would be of different lengths and would not fit properly together.

    C. The potential for serious injury to individuals who had to climb on the scaffolding for construction.

17. As a direct and proximate result of Defendants' negligence, Plaintiff has sustained damages and injuries, including but not limited to:

A. Severe and permanently disabling crush injuries to his neck, head, shoulders and arms;

B. Past and future medical expenses in an amount that has yet to be determined;

C. Past and future physical pain, mental and emotional suffering, anguish, outrage, and inconvenience;

D. Permanent, past and future loss of the enjoyment of life and the pleasure of living; and

E. Past and future loss of time, income, wages, and earning capacity in an amount that has yet to be determined.

**WHEREFORE**, Plaintiff Matthew Schaefer, respectfully prays that this Court enter a judgment in his favor and against Defendant Universal Scaffolding and Equipment in an amount that is fair and reasonable, in excess of $50,000, together with his court costs, and for such other and further relief as the Court deems just and proper.

## COUNT II
## STRICT LIABILITY/PRODUCT DEFECT

Plaintiff Matthew Schaefer for Count II of his Complaint against Defendant Universal, alternatively states and alleges as follows:

18. Plaintiff hereby incorporates each allegation alleged in paragraphs 1 through 17 above as though fully set forth herein.

19. Defendant Universal sold the scaffolding in the course of its business.

20. At the time Defendant Universal placed the scaffolding into the stream of commerce, the scaffolding was in a defective condition and unreasonably dangerous when put to a reasonably anticipated use, including but not limited to the following respects:

A. Severe and permanently disabling crush injuries to his neck, head, shoulders and arms;

4

    B.    Past and future medical expenses in an amount that has yet to be determined;

    C.    Past and future physical pain, mental and emotional suffering, anguish, outrage, and inconvenience;

    D.    Permanent, past and future loss of the enjoyment of life and the pleasure of living; and

    E.    Past and future loss of time, income, wages, and earning capacity in an amount that has yet to be determined.

21.    Defendant Universal, in the exercise of ordinary care, should have discovered the defective and unreasonably dangerous condition of the scaffolding before placing it in the stream of commerce.

22.    The scaffolding was, at all relevant times, used in a manner reasonably anticipated by Defendant Universal.

23.    As a direct and proximate result of the scaffolding's defective and unreasonably dangerous condition, Plaintiff has sustained damages and injuries, including but not limited to:

    A.    Severe and permanently disabling injuries to his neck, head, shoulders and arms;

    B.    Past and future medical expenses in an amount that has yet to be determined;

    C.    Past and future physical pain, mental and emotional suffering, anguish, outrage, and inconvenience;

    D.    Permanent, past and future loss of the enjoyment of life and the pleasure of living; and

    E.    Past and future loss of time, income, wages, and earning capacity in an amount that has yet to be determined.

**WHEREFORE**, Plaintiff Matthew Schaefer, respectfully prays that this Court enter a judgment in his favor and against Defendant Universal Scaffolding and Equipment in an amount

that is fair and reasonable, in excess of $50,000, together with his court costs, and for such other and further relief as the Court deems just and proper.

## COUNT III
## STRICT LIABILITY/FAILURE TO WARN

Plaintiff Matthew Schaefer for Count III of his Complaint against Defendant Universal, and each of them, alternatively states and alleges as follows:

24. Plaintiff hereby incorporates each allegation alleged in paragraphs 1 through 23 above as though fully set forth herein.

25. Defendants sold the scaffolding in the course of their business.

26. At the time Defendants placed the scaffolding into the stream of commerce, the scaffolding was unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics, including but not limited to the following:

    A. Defendant designed, manufactured, distributed and/or sold the scaffolding in a defective and dangerous condition in that the scaffolding was not designed and manufactured in a uniform length to fit together properly;

    B. Defendant failed to design, manufacture and/or equip the scaffolding with any and/or adequate safety mechanisms to warn the scaffolding assembler of the irregular length of the scaffolding pieces;

    C. Defendant failed to provide adequate and/or any warnings or instructions regarding the associated risks with using the scaffolding when the pieces were assembled with pieces of different lengths;

27. Defendants failed to give an adequate warning of the unreasonably dangerous condition of the scaffolding, including but not limited to failing to warn of:

    A. The defective and unreasonably dangerous condition of the scaffolding;

    B. The potential that the scaffolding pieces would be of different lengths and

6

        would not fit properly together.

    C.    The potential for serious injury to individuals who had to climb on the scaffolding for construction.

28.    The scaffolding was, at all relevant times, used in a manner reasonably anticipated by Defendant.

29.    As a direct and proximate result of Defendants' failure to warn of the scaffolding's defective and unreasonably dangerous condition, Plaintiff has sustained damages and injuries, including but not limited to:

    A.    Severe and permanently disabling injuries to his neck, head, shoulders and arms;

    B.    Past and future medical expenses in an amount which has yet to be determined;

    C.    Past and future physical pain, mental and emotional suffering, anguish, outrage, and inconvenience;

    D.    Permanent, past and future loss of the enjoyment of life and the pleasure of living; and

    E.    Past and future loss of time, income, wages, and earning capacity in an amount that has yet to be determined.

**WHEREFORE**, Plaintiff Matthew Schaefer, respectfully prays that this Court enter a judgment in its favor and against Defendant Universal Scaffolding and Equipment jointly and severally, in an amount that is fair and reasonable, in excess of $50,000, together with his court costs, and for such other and further relief as the Court deems just and proper.

**COUNT IV**
**LOSS OF CONSORTIUM**

Plaintiff Cynthia Schaefer for Count IV of her Complaint against Defendant states and alleges as follows:

30. Plaintiff Cynthia Schaefer hereby incorporates each allegation alleged in paragraphs 1 through 29 above as though fully set forth herein.

31. At all relevant times, Cynthia Schaefer was the lawfully wedded wife of Plaintiff Matthew Schaefer and was at all times living and co-habiting with Matthew Schaefer as his wife.

32. As a direct and proximate result of one or more of the foregoing acts or omissions of the Defendant, Plaintiff Cynthia Schaefer has been deprived of care, comfort, protection, society, support and services, and consortium of her husband, Matthew Schaefer.

33. Due to the nature of the injuries sustained by Matthew Schaefer and the severe physical and psychological strains they cause him, Matthew Schaefer is no longer able to provide Plaintiff Cynthia Schaefer assistance in maintaining the home, raising their child, providing love and affection, guidance, fellowship, protection, companionship, affection, society, sexual relations, moral support, and solace.

34. Plaintiff Cynthia Schaefer is therefore deprived and will be permanently deprived of her spouse's consortium, all to Plaintiff's damage in a total amount to be established by proof at trial.

**WHEREFORE**, Plaintiff Cynthia Schaefer, respectfully prays that this Court enter a judgment in its favor and against Defendant Universal Scaffolding & Equipment, , in an amount that is fair and reasonable, in excess of $50,000, together with her court costs, and for such other and further relief as the Court deems just and proper.

Respectfully submitted by,

_____
Andrew J. Toennies          #6212112
LASHLY & BAER, P.C.
714 Locust Street
St. Louis, MO  63101
(314) 621-2939 Telephone
(314) 621-6844 Facsimile
atoennies@lashlybaer.com
sglynias@lashlybaer.com

Attorneys for Plaintiffs Matt and Cynthia Schaefer

## COMPLAINT TO RESPONDENT IN DISCOVERY

COMES NOW, Matthew Schaefer, by and through his undersigned attorneys and for his Complaint pursuant to 735ILCS 5/2-402 hereby notices Brand Energy Services, LLC as Respondent in Discovery, wherefore states as follows:

1. Plaintiff names Respondent in Discovery Brand Energy Services, LLC that Plaintiff believes to have information essential to the determination of who should properly be named as a defendant in a claim for injuries sustained by plaintiff to discovery pursuant to 735ILCS 5/2-402.

2. Plaintiff has attached to this Complaint Interrogatories and Request for Production to be answered by the Respondent in Discovery and a Notice of Deposition for the Respondent in Discovery to give oral testimony in connection with this matter (see Exhibit A).

WHEREFORE, Plaintiff Matthew Schaefer, by his attorney's request that Respondent in Discovery, Brand Energy Services respond to discovery initiated pursuant to the provisions of applicable Illinois statutes.

Andrew G. Toennies     #6212112
Lashly & Baer, P.C.
20 East Main Street
Belleville, IL 62220
(314) 621-2939
(314) 621-6844/Fax
atoennies@lashlybaer.com

Attorneys for Plaintiff Matthew Schaefer

# MASTER RECORD SHEET
## CIRCUIT COURT OF ST. CLAIR COUNTY

Note: Pltf. Atty or Pro Se Pltf. Must Complete Sections 1, 2, 3, 5, & 6
Complete 4 if Small Claims Case.
Sections 3, 5 & 6 For Office Use Only.

Case Number __10-L-0300__

Amount Claimed __over $15,000__

**1.**

MATTHEW SCHAEFER AND CYNTHIA SCHAEFER

VS

UNIVERSAL SCAFFOLDING & EQUIPMENT, LLC

Plaintiff(s) — Defendant(s)

(SEE REVERSE FOR CLASSIFICATIONS AND CODES)

Classification Prefix __L__ Code __2__ Nature of Action _____ Code _____

**2.** Pltf. Atty. __Andrew G. Toennies__ Code __621211__
Address __714 Locust__
City __St. Louis, MO   63101__ Phone __(314) 621-2939__
Add. Pltf. Atty. _____ Code _____

Is Personal Injury Involved
[X] Yes   [ ] No

Does Pltf. Demand A Jury Trial
[ ] Yes   [X] No
(THIS DOES NOT CONSTITUTE A JURY DEMAND)

**3.** NAME __Universal Scaffolding & Equipment, LLC__
TO THE SHERIFF: SERVE THIS DEFENDANT AT:
ADDRESS __973 South 3rd Street__
CITY & STATE __Memphis, TN   38106__

**4.** [ ] CHECK FOR SMALL CLAIMS SUMMONS
Complete This Section For Small Claims
Please Set This Case For _____ Court Location _____ at _____ M. On _____ 20 __

**5.**
A. Is an insurance carrier involved?   [ ] Yes   [ ] No
B. If yes please give company name: _____

**6.**
A. Is there a minor involved?   [ ] Yes   [ ] No
B. If yes, will the appointment of a guardian Ad Litem be necessary   [ ] Yes   [ ] No

SEE REVERSE FOR CASE CLASSIFICATIONS AND CODES

CC-MR-1

MASTER RECORD SHEET
CIRCUIT COURT OF ST. CLAIR COUNTY

| Note: Pltf. Atty or Pro Se Pltf. Must Complete Sections 1, 2, 3, 5, & 6. Complete 4 if Small Claims Case. Sections 3, 5 & 6 For Office Use Only. | Case Number 1[?]-0300 |
|---|---|
| | Amount Claimed over $15,000 |

**1.**

| MATTHEW SCHAEFER AND CYNTHIA SCHAEFER | UNIVERSAL SCAFFOLDING & EQUIPMENT, LLC |
|---|---|
| VS | |
| Plaintiff(s) | Defendant(s) |

(SEE REVERSE FOR CLASSIFICATIONS AND CODES)

Classification Prefix __L__ Code __2__ Nature of Action _____ Code _____

**2.** Pltf. Atty. Andrew G. Toennies  Code 6212112
Address 714 Locust
City St. Louis, MO 63101  Phone (314) 621-2939
Add. Pltf. Atty. _____ Code _____
Is Personal Injury Involved
  [X] Yes  [ ] No
Does Pltf. Demand A Jury Trial
  [ ] Yes  [X] No
(THIS DOES NOT CONSTITUTE A JURY DEMAND)

TO THE SHERIFF: SERVE THIS DEFENDANT AT:
**3.** NAME Universal Scaffolding & Equipment, LLC
ADDRESS 973 South 3rd St.
CITY & STATE Memphis, TN 38106

**4.** [ ] CHECK FOR SMALL CLAIMS SUMMONS  Complete This Section For Small Claims
Please Set This Case For _____ at _____ M. On _____ 20__
             Court Location

**5.**
A. Is an insurance carrier involved?  [ ] Yes  [ ] No
B. If yes please give company name: _____

**6.**
A. Is there a minor involved?  [ ] Yes  [ ] No
B. If yes, will the appointment of a guardian Ad Litem be necessary  [ ] Yes  [ ] No

SEE REVERSE FOR
CASE CLASSIFICATIONS AND CODES

CC-MR-1



| | MISSOURI | ILLINOIS |
|---|---|---|
| | 714 Locust Street | 20 East Main Street |
| | St. Louis, MO 63101-1699 | Belleville, IL 62220-1602 |
| | TEL: 314 621.2939 | TEL: 618 233.5587 |
| | FAX: 314 621.6844 | By Appointment Only |
| | www.lashlybaer.com | |

June 15, 2010

ANDREW G. TOENNIES
(314) 436-8347
atoennies@lashlybaer.com
Licensed in Missouri and Illinois

St. Clair County Clerk
St. Clair County Courthouse
10 Public Square
Belleville, IL 62220

Re:   Matthew Schaefer v. Universal Scaffolding, LLC

Dear Sir/Madam:

Enclosed please find a Complaint for processing with regard to the above matter, along with a check for the filing fee in the amount of $236.00. Please file this accordingly and forward me the summons back to me so that I can have our process server serve it upon defendant.

If you have any questions, please contact my secretary Shannon Kohler at (314) 335-1029.

Very truly yours,

Andrew G. Toennies

AGT/slk
Enclosures

FILED
ST. CLAIR COUNTY
JUN 16 2010
Brenda F. Kelly
CIRCUIT CLERK

## ST CLAIR COUNTY
### TWENTIETH CIRCUIT COURT, BRENDAN F. KELLY

RECEIPT #: C   000260542  
RECEIVED OF: TOENNIES ANDREW G.  
PART. ID: 1753  
BY CLERK: rm  
CHECKS: A   24414

DATE: 06-16-2010

TIME: 15:19:35  
MEMO:

$236.00

| CASH | CREDIT | CHANGE | OTHER |
|---|---|---|---|
| $0.00 | $0.00 | $0.00 | $0.00 |

| CASE NUMBER | EVENT | COURT/JUDGE | TAX NO. | AMOUNT |
|---|---|---|---|---|
| 10-0L-0300<br>SCHAEFER VS UNIVERSAL<br>PARTY: TOENNIES ANDREW G. | 2023 | PMT:CFIL COMPLAINT FILING FEE | | $236.00 |

TOTAL RECEIPT... $236.00

\* CHECK/CHEQUE IS CONDITIONAL PAYMENT  
\* PENDING RECEIPT OF FUNDS FROM BANK. \*

ST CLAIR COUNTY
TWENTIETH CIRCUIT COURT, BRENDAN F. KELLY

RECEIPT #: C   000260542  
RECEIVED OF: TOENNIES ANDREW G.  
PART. ID: 1753  
BY CLERK: rm  
CHECKS: A   24414  

DATE: 06-16-2010  
TIME: 15:19:35  
MEMO:  

$236.00

| CASH | CREDIT | CHANGE | OTHER |
|---|---|---|---|
| $0.00 | $0.00 | $0.00 | $0.00 |

| CASE NUMBER | EVENT | COURT/JUDGE | TAX NO. | AMOUNT |
|---|---|---|---|---|
| 10-0L-0300 SCHAEFER VS UNIVERSAL PARTY: TOENNIES ANDREW G. | 2023 | PMT:CFIL COMPLAINT FILING FEE | | $236.00 |

TOTAL RECEIPT...   $236.00

\* CHECK/CHEQUE IS CONDITIONAL PAYMENT  
\* PENDING RECEIPT OF FUNDS FROM BANK. \*

ST CLAIR COUNTY
TWENTIETH CIRCUIT COURT, BRENDAN F. KELLY

RECEIPT #: C   000265743          DATE: 08-31-2010           TIME: 09:57:11
RECEIVED OF: TOENNIES ANDREW G.                              MEMO:
   PART. ID: 1753
BY CLERK: gt
   CHECKS: A   25514                    $5.00

| CASH | CREDIT | CHANGE | OTHER |
|---|---|---|---|
| $0.00 | $0.00 | $0.00 | $0.00 |

| CASE NUMBER | EVENT | COURT/JUDGE | TAX NO. | AMOUNT |
|---|---|---|---|---|
| 10-0L-0300<br>SCHAEFER VS UNIVERSAL<br>PARTY: TOENNIES ANDREW G. | 2010 | PMT:CALSUM ALIAS SUMMONS | | $5.00 |
| | | TOTAL RECEIPT... | | $5.00 |

\* CHECK/CHEQUE IS CONDITIONAL PAYMENT
\* PENDING RECEIPT OF FUNDS FROM BANK. \*

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
CLAIR COUNTY, ILLINOIS

INITIAL MANDATORY STATUS CONFERENCE SETTING ASSIGNMENT

| SCHAEFER VS UNIVERSAL | 10-L-0300 |
|---|---|

TO: A FILE COPY

FILED
ST. CLAIR COUNTY
SEP 1 5 2010
Burke F Kelly
CIRCUIT CLERK

Date : 9/22/2010        Time : 9:30 AM        Room : 401

The above-styled case is assigned to: HON. ROBERT P. LECHIEN.

Counsel familiar with the case and authorized to act is ordered to appear for an Initial Mandatory Status Conference on the above date, time and courtroom pursuant to Local Rule 6.06, and Supreme Court Rule 218.

At the aforesaid conference the following shall be considered:

1. Service upon all of the parties;
2. Whether the case will be jury or no-jury;
3. The nature, issues, and complexity of the case;
4. Simplification of the issues;
5. Amendments and challenges to the pleadings;
6. Admissions of fact and documents;
7. Limitations of discovery, including but not limited to written discovery, depositions, and opinion witnesses;
8. Third parties;
9. Scheduling of settlement conferences;
10. Necessity of subsequent case management conferences;
11. Trial settings.

Office of Chief Judge

SECOND NOTICE

L63

State of Illinois

**IN THE TWENTIETH JUDICIAL CIRCUIT, ST. CLAIR COUNTY, BELLEVILLE, ILLINOIS**

PLAINTIFF Matthew

vs.

Schaefer

Defendant

Universal Scaffolding

No.

10-L-300

FILED
ST. CLAIR COUNTY
SEP 2 3 2010
Freda F. Kitt
CIRCUIT CLERK

**ORDER**

This cause coming before the Court; the Court being fully advised in the premises and having jurisdiction of the subject matter;

The Court finds: ..................

IT IS THEREFORE ORDERED: Cause reset for status conference on October 21, 2010 Courtroom 401

Attorneys _____ Plaintiff

_____ Defendant

Enter: _____ Judge

CC-14-95

White—CC; Yellow—Plaintiff; Pink—Defendant

FREEBURG PRINTING & PUBLISHING, INC. • 618-539-3320