UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW SCHAEFER, and CYNTHIA SHAEFER <br><br> Plaintiffs, <br><br> vs. <br><br> UNIVERSAL SCAFFOLDING & EQUIPMENT, LLC, <br><br> and <br><br> DYNEGY, INC. <br><br> Serve: <br><br>   C T Corporation <br>   208 So Lasalle Street, Suite 814 <br>   Chicago Il 60604 <br><br> and <br><br> BRAND ENERGY SERVICES, LLC <br><br> Serve: <br><br>   CT Corporation <br>   208 LaSalle Street, Suite 814 <br>   Chicago, IL 60604 <br><br> Defendants. | Cause No. 3:10-CV-00791 GPM - PMF |

## AMENDED COMPLAINT

Plaintiffs Matthew and Cynthia Schaefer for their causes of action against Defendants Universal Scaffolding & Equipment, LLC, Dynegy, Inc., and Brand Energy Services, LLC state and allege as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.  Plaintiff Matthew Schaefer is an adult, residing in Randolph County, Illinois.

2. Plaintiff Cynthia Schaefer is an adult, residing in Randolph County, IL.

3. Defendant Universal Scaffolding & Equipment, LLC (hereinafter "Universal") is a corporation in good standing <u>organized under the laws of Tennessee with its principal place of business in Tennessee.</u>

4. Defendant Universal was at all times mentioned herein authorized to transact business in Illinois and was transacting systematic and continuous business in Illinois.

5. <u>Dynegy, Inc. ("Dynegy") is a Delaware Corporation that conducts business operations through its subsidiaries. Its headquarters are in Houston, Texas. Dynegy's primary business is the production and sale of electric energy, capacity and ancillary services from various power plants it owns and operates, including the Baldwin Power Plant in Baldwin, Illinois. Dynegy was at all times mentioned herein authorized to transact business in Illinois and was transacting systematic and continuous business in Illinois.</u>

6. <u>Brand Energy Services, LLC ("Brand") is a corporation in good standing organized under the laws of Delaware with its principal place of business in Kennesaw, Georgia. Brand provides industrial scaffolding services.  Brand was at all times mentioned herein authorized to transact business in Illinois and was transacting systematic and continuous business in Illinois.</u>

7. <u>This action was initially filed by Plaintiffs in The Circuit Court of St. Clair County, Illinois; the location where Plaintiff Matthew Schaefer was first injured by the wrongful acts and negligence herein alleged.  Defendant Universal subsequently removed this action to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.</u>

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

8. On or about November 17, 2008, Matthew Schaefer was employed as a carpenter for Brand, at the Dynegy-owned power plant at Baldwin, Illinois.

9. On that date, Plaintiff was working on and helping to construct high rise scaffolding. Upon information and belief the scaffolding being used on this project was Cup*Lock scaffolding manufactured by Universal.

10. At all relevant times, the scaffolding was being used for its intended purpose and was being put to a reasonably anticipated use in that it was manufactured and sold for the purpose of working above ground on industrial construction projects.

11. On said date, the scaffolding being used contained pieces that were of irregular lengths which did not fit together properly causing an irregular fit and uneven frame, the bars did not fit properly into the cup, did not lock properly into place and the ends were twisted; which caused a piece of scaffolding to separate from the structure and fall, striking Plaintiff on the head and injuring him.

12. As a result, Plaintiff suffered disabling injuries to his neck, back, head, shoulders and arms.

13. Upon information and belief, Defendant Universal manufactured and distributed the scaffolding that caused Plaintiff's injuries.

## COUNT I
## NEGLIGENCE

Plaintiff Matthew Schaefer for Count I of his Complaint against Defendant Universal states and alleges as follows:

14. Plaintiff hereby incorporates each allegation alleged in paragraphs 1 through 13 above as though fully set forth herein.

15. At all relevant times, Defendant Universal, by and through its agents, servants and/or employees, engaged in the design, manufacture, inspection, distribution, and/or sale of the scaffolding and, in the course of its business, designed, manufactured, inspected, distributed, and/or sold the scaffolding that is the subject of this lawsuit.

16. At all relevant times, Defendant Universal had a duty to exercise ordinary care in the design, manufacture, distribution, sale, maintenance, inspection, service, and/or advertising of the scaffolding.

17. Defendant Universal failed to exercise ordinary care in the design, manufacture, distribution, sale, maintenance, inspection, service, and/or advertisement of the scaffolding, in one or more of the following respects:

   A. Defendant designed, manufactured, distributed and/or sold the scaffolding in a defective and dangerous condition in that the scaffolding was not designed and manufactured in uniform lengths to fit together properly, <u>did not lock together properly</u> and the ends were <u>subject to twisting</u>;

   B. Defendant failed to design, manufacture and/or equip the scaffolding with any and/or adequate safety mechanisms <u>so that the pieces of scaffolding would lock together properly or</u> to warn the scaffolding assembler of <u>this defect or</u> the irregular lengths of the scaffolding pieces;

   C. Defendant failed to provide adequate and/or any warnings or instructions regarding the associated risks with using the scaffolding when the pieces <u>did not lock together properly and/or</u> were assembled with scaffolding pieces of different lengths.

18. Defendant Universal knew, or in the exercise of ordinary care, should have known of the unreasonable risk of harm associated with the scaffolding, including but not limited to:

   A. The defective and unreasonably dangerous condition of the scaffolding;

   B. The potential that the scaffolding pieces would be of different lengths and would not fit <u>or lock</u> properly together; <u>and</u>

   C. The potential for serious injury to individuals <u>who were assembling and working on the construction of</u> the scaffolding.

19. As a direct and proximate result of Defendant Universal's negligence, Plaintiff has sustained damages and injuries, including but not limited to:

    A. Severe and permanently disabling crush injuries to his neck, head, shoulders and arms;

    B. Past and future medical expenses in an amount that has yet to be determined;

    C. Past and future physical pain, mental and emotional suffering, anguish, outage, and inconvenience;

    D. Permanent, past and future loss of the enjoyment of life and the pleasure of living; and

    E. Past and future loss of time, income, wages, and earning capacity in an amount that has yet to be determined.

**WHEREFORE**, Plaintiff Matthew Schaefer respectfully prays that this Court enter a judgment in his favor and against Defendant Universal in an amount that is fair and reasonable, in excess of $50,000, together with his court costs, and for such other and further relief as the Court deems just and proper.

## COUNT II
## STRICT LIABILITY/PRODUCT DEFECT

Plaintiff Matthew Schaefer for Count II of his Complaint against Defendant Universal alternatively states and alleges as follows:

20. Plaintiff hereby incorporates each allegation alleged in paragraphs 1 through 19 above as though fully set forth herein.

21. Defendant Universal sold the scaffolding in the course of its business.

22. At the time Defendant Universal placed the scaffolding into the stream of commerce, the scaffolding was in a defective condition and unreasonably dangerous when put to a reasonably anticipated use, including but not limited to the following respects:

    A. <u>The scaffolding was not designed and manufactured in uniform lengths to fit together properly; the scaffolding did not lock together properly; and the ends were subject to twisting; and</u>

    B. <u>Defendant failed to design, manufacture and/or equip the scaffolding with any and/or adequate safety mechanisms so that the pieces of scaffolding would lock together properly or to warn the scaffolding assembler of this defect or the irregular lengths of the scaffolding pieces.</u>

23. Defendant Universal, in the exercise of ordinary care, should have discovered the defective and unreasonably dangerous condition of the scaffolding before placing it in the stream of commerce.

24. The scaffolding was, at all relevant times, used in a manner reasonably anticipated by Defendant Universal.

25. As a direct and proximate result of the scaffolding's defective and unreasonably dangerous condition, Plaintiff has sustained damages and injuries, including but not limited to:

    A. Severe and permanently disabling injuries to his neck, head, shoulders and arms;

    B. Past and future medical expenses in an amount that has yet to be determined;

    C. Past and future physical pain, mental and emotional suffering, anguish, outrage, and inconvenience;

    D. Permanent, past and future loss of the enjoyment of life and the pleasure of living; and

    E. Past and future loss of time, income, wages, and earning capacity in an amount that has yet to be determined.

**WHEREFORE**, Plaintiff Matthew Schaefer, respectfully prays that this Court enter a judgment in his favor and against Defendant Universal in an amount that is fair and reasonable, in excess of $50,000, together with his court costs, and for such other and further relief as the Court deems just and proper.

**COUNT III**
**STRICT LIABILITY/FAILURE TO WARN**

Plaintiff Matthew Schaefer for Count III of his Complaint against Defendant Universal alternatively states and alleges as follows:

26. Plaintiff hereby incorporates each allegation alleged in paragraphs 1 through 25 above as though fully set forth herein.

27. Universal sold the scaffolding in the course of its business.

28. At the time Universal placed the scaffolding into the stream of commerce, the scaffolding was unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics, including but not limited to the following:

   A. Defendant designed, manufactured, distributed and/or sold the scaffolding in a defective and dangerous condition in that the scaffolding was not designed and manufactured in uniform lengths to fit together properly, did not lock together properly and the ends were subject to twisting;

   B. Defendant failed to design, manufacture and/or equip the scaffolding with any and/or adequate safety mechanisms so that the pieces of scaffolding would lock together properly or to warn the scaffolding assembler of this defect or the irregular lengths of the scaffolding pieces; and

   C. Defendant failed to provide adequate and/or any warnings or instructions regarding the associated risks with using the scaffolding when the pieces did not lock together properly and/or were assembled with scaffolding pieces of different lengths.

29. Defendant Universal failed to give an adequate warning of the unreasonably dangerous condition of the scaffolding, including but not limited to failing to warn of:

   A. The defective and unreasonably dangerous condition of the scaffolding;

  B. The potential that the scaffolding pieces <u>would not lock together properly and/or</u> were of different lengths <u>and would not fit properly together; and</u>

  C. The potential for serious injury to individuals <u>building the scaffolding or near the construction of the scaffolding.</u>

30. The scaffolding was, at all relevant times, used in a manner reasonably anticipated by Defendant.

31. As a direct and proximate result of Defendant's failure to warn of the scaffolding's defective and unreasonably dangerous condition, Plaintiff has sustained damages and injuries, including but not limited to:

  A. Severe and permanently disabling injuries to his neck, head, shoulders and arms;

  B. Past and future medical expenses in an amount which has yet to be determined;

  C. Past and future physical pain, mental and emotional suffering, anguish, outrage and inconvenience;

  D. Permanent, past and future loss of the enjoyment of life and the pleasure of living; and

  E. Past and future loss of time, income, wages, and earning capacity in an amount that has yet to be determined.

**WHEREFORE**, Plaintiff Matthew Schaefer, respectfully prays that this Court enter a judgment in his favor and against Defendant Universal jointly and severally, in an amount that is fair and reasonable, in excess of $50,000, together with his court costs, and for such other and further relief as the Court deems just and proper.

## COUNT IV
## LOSS OF CONSORTIUM

Plaintiff Cynthia Schaefer for Count IV of her Complaint against Defendant Universal states and alleges as follows:

8

32. Plaintiff Cynthia Schaefer hereby incorporates each allegation alleged in paragraphs 1 through 31 above as though fully set forth herein.

33. At all relevant times, Cynthia Schaefer was the lawfully wedded wife of Plaintiff Matthew Schaefer and was at all times living and co-habiting with Matthew Schaefer as his wife.

34. As a direct and proximate result of one or more of the foregoing acts or omissions of the Defendant, Plaintiff Cynthia Schaefer has been deprived of care, comfort, protection, society, support and services, and consortium of her husband, Matthew Schaefer.

35. Due to the nature of the injuries sustained by Matthew Schaefer and the severe physical and psychological strains they cause him, Matthew Schaefer is no longer able to provide Plaintiff Cynthia Schaefer assistance in maintaining the home, raising their child, providing love and affection, guidance, fellowship, protection, companionship, affection, society, sexual relations, moral support, and solace.

36. Plaintiff Cynthia Schaefer is therefore deprived and will be permanently deprived of her spouse's consortium, all to Plaintiff's damage in a total amount to be established by proof at trial.

**WHEREFORE**, Plaintiff Cynthia Schaefer respectfully prays that this Court enter a judgment in her favor and against Defendant Universal in an amount that is fair and reasonable, in excess of $50,000, together with her court costs, and for such other and further relief as the Court deems just and proper.

## COUNT V
## NEGLIGENT SPOLIATION

Plaintiffs Matthew and Cynthia Schaefer for Count V of their Complaint against Defendant Dynegy alternatively state and allege as follows:

37.   Plaintiffs Matthew and Cynthia Schaefer hereby incorporate each allegation alleged in paragraphs 1 through 36 above as though fully set forth herein.

38.   On or about November 17, 2008, following the accident involving Matthew Schaefer, employees of Dynegy and Brand conducted an investigation of the accident.

39.   Dynegy and Brand knew Plaintiff was seriously injured in the accident and conducted the investigation in anticipation of litigation.

40.   Both Dynegy and Brand knew or should have known that the piece of scaffolding that struck Plaintiff Matthew Schaefer could be important material evidence in future litigation.

41.   Consistent with such knowledge, Dynegy and/or Brand, upon information and belief, segregated the piece of scaffolding that struck Plaintiff from other scaffolding pieces used on the project and possessed, preserved and had control over this important piece of evidence for a period of time.

42.   Defendants Dynegy and/or Brand subsequently lost the piece of scaffolding that struck Plaintiff and cannot find it.

43.   Defendants Dynegy and Brand had and/or assumed a duty to preserve the piece of scaffolding that struck Plaintiff.

44.   Defendants Dynegy and Brand breached that duty by failing to preserve and/or by losing this important piece of evidence.

45.   As a direct and proximate result of Defendants' breach, Plaintiffs have been deprived of an important piece of evidence in their product liability lawsuit against Universal. Universal claims that the only way it can know who manufactured the piece of scaffolding is by checking the traceability number etched onto the piece of scaffolding. Plaintiffs are unable to do

this because Defendants lost the piece of scaffolding and did not record the traceability number from the piece of scaffolding during their investigation or at any time prior to losing lost it.

46.     Plaintiffs have been damaged as a result of Defendants' breach. If Plaintiffs are unsuccessful in their causes of action against Universal, it will be because the loss of this important piece of evidence caused the Plaintiffs to be unable to prove their otherwise valid, underlying causes of action.

**WHEREFORE**, Plaintiffs Matthew and Cynthia Schaefer, respectfully pray that this Court enter a judgment in their favor and against Defendant Dynegy in an amount that is fair and reasonable, in excess of $50,000, together with their court costs, and for such other and further relief as the Court deems just and proper.

## COUNT VI
## NEGLIGENT SPOLIATION

Plaintiffs Matthew and Cynthia Schaefer for Count VI of their Complaint against Defendant Brand alternatively state and allege as follows:

47.     Plaintiffs Matthew and Cynthia Schaefer hereby incorporate each allegation alleged in paragraphs 1 through 36 above as though fully set forth herein.

48.     On or about November 17, 2008, following the accident involving Matthew Schaefer, employees of Brand and Dynegy conducted an investigation of the accident.

49.     Dynegy and Brand knew Plaintiff was seriously injured in the accident and conducted the investigation in anticipation of litigation.

50.     Both Brand and Dynegy knew or should have known that the piece of scaffolding that struck Plaintiff Matthew Schaefer could be important material evidence in future litigation.

51.     Consistent with such knowledge, Brand and/or Dynegy, upon information and belief, segregated the piece of scaffolding that struck Plaintiff from other scaffolding pieces used

11

on the project and possessed, preserved and had control over this important piece of evidence for a period of time.

52. Defendants Dynegy and/or Brand subsequently lost the piece of scaffolding that struck Plaintiff and cannot find it.

53. Defendants Brand and Dynegy had and/or assumed a duty to preserve the piece of scaffolding that struck Plaintiff.

54. Defendants Brand and Dynegy breached that duty by failing to preserve and/or by losing this important piece of evidence.

55. As a direct and proximate result of Defendants' breach, Plaintiffs have been deprived of an important piece of evidence in their product liability lawsuit against Universal. Universal claims that the only way it can know who manufactured the piece of scaffolding is by checking the traceability number etched onto the piece of scaffolding. Plaintiffs are unable to do this because Defendants lost the piece of scaffolding and did not record the traceability number from the piece of scaffolding during their investigation or at any time prior to losing it.

56. Plaintiffs have been damaged as a result of Defendants' breach. If Plaintiffs are unsuccessful in their causes of action against Universal, it will be because the loss of this important piece of evidence caused the Plaintiffs to be unable to prove their otherwise valid, underlying causes of action.

**WHEREFORE**, Plaintiffs Matthew and Cynthia Schaefer, respectfully pray that this Court enter a judgment in their favor and against Defendant Brand in an amount that is fair and reasonable, in excess of $50,000, together with their court costs, and for such other and further relief as the Court deems just and proper.

Respectfully submitted by,

*Andrew J. Toennies* #6212112 (cmk)
Andrew J. Toennies
LASHLY & BAER, P.C.
714 Locust Street
St. Louis, MO 63101
(314) 621-2939 Telephone
(314) 621-6844 Facsimile
atoennies@lashlybaer.com
sglynias@lashlybaer.com

Attorneys for Plaintiffs Matthew and Cynthia Schaefer

**CERTIFICATE OF SERVICE**

A copy of the foregoing was filed/mailed electronically, this 17th day of February, 2012, to:

James Stockberger
Christopher D. Baucom
Armstrong, Teasdale LLP
7700 Forsyth Blvd, Suite 1800
St. Louis, MO 63105
(314) 621-5070 Telephone
(314) 621-5065 Facsimile
Attorney for Defendant
Universal Scaffolding & Equipment, LLC

_____ cmk _____

13