IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW SCHAEFER and CYNTHIA SCHAEFER, <br><br> Plaintiffs, <br><br> vs. <br><br> UNIVERSAL SCAFFOLDING & EQUIP., LLC; BRAND ENERGY SERVS., LLC; and DYNEGY MIDWEST GENERATION, LLC; <br><br> Defendants. <br><br> DYNEGY MIDWEST GENERATION, LLC, <br><br> Cross-Claimant, <br><br> vs. <br><br> BRAND ENERGY SERVS., LLC; and UNIVERSAL SCAFFOLDING & EQUIP., LLC; <br><br> Cross-Defendants, | Case No. 10–cv–0791–MJR–PMF |

## ORDER FOR JURISDICTIONAL BRIEFING

**REAGAN, District Judge:**

This case stems from a 2008 injury sustained by Plaintiff Matthew Schaefer when a piece of scaffolding (allegedly manufactured by Defendant Universal Scaffolding & Equipment, LLC—"Universal") struck him during construction work (for contractor and Defendant Brand Energy Services, LLC—"Brand") on an Illinois power plant (owned by Defendant Dynegy Midwest Generation, LLC—"Dynegy"). Plaintiff (and his wife Cynthia, both of them Illinois citizens)

1

originally sued in state court, naming only Universal in Case No. 10–L–0300 in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois. Universal—a limited liability company with one member who is a Tennessee citizen—removed the case to this Court in October 2010. (Doc. 2). At the time of removal, it therefore appears, this Court had subject matter jurisdiction over the case pursuant to the diversity statute, 28 U.S.C. § 1332. **See Camico Mut. Ins. Co. v. Citizens Bank, 474 F.3d 989, 992 (7th Cir. 2007) ("For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members.").** The case was randomly assigned to the now-retired District Judge G. Patrick Murphy, upon whose retirement it was reassigned to the undersigned district judge.

Plaintiffs have filed subsequent amended pleadings[1] naming Dynegy and Brand as Defendants, and those pleadings (the most recent of which is the Second Amended Complaint, Doc. 76) leave the Court concerned about whether it has subject matter jurisdiction over these proceedings. **See Thomas v. Guardsmark, 487 F.3d 531, 534 (7th Cir. 2007) ("[W]hen one party the litigation is someone other than a natural person suing in her own capacity, a jurisdictional warning flag should go up") (internal citation and quotation marks omitted).** According to the Second Amended Complaint, "Brand Energy Services, LLC … is a corporation in good standing organized under the laws of Delaware with its principal place of business in Kennesaw, Georgia." (Doc. 76, 2). That may be, but Brand's "LLC" designation indicates it is a limited liability corporation, whose citizenship (as mentioned above) hinges on the citizenship of its members—none of whom Plaintiffs mention in the Second Amended Complaint.

Plaintiffs' description of Dynegy suffers from a similar shortfall—the Second Amended Complaint simply names Dynegy a "company" despite its LLC designation, and makes no mention of its members. More disconcertingly, Plaintiffs allege Dynegy "is based in Tilton, Illinois," and as a

---

[1] Universal did not object to Plaintiffs' motion for leave to amend the complaint so as to add Defendants Dynegy and Brand.

2

general proposition a district court "may not permit joinder of a nondiverse defendant *and* retain jurisdiction." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759 (7th Cir. 2009) **(emphasis in original).**

Given the inadequacy of the Second Amended Complaint to convince the undersigned that subject matter jurisdiction attaches, each party is **DIRECTED** to file a jurisdictional memoranda—not to exceed three pages—on or before January 3, 2014. The parties are free to file a lengthier joint memorandum should they, upon meeting and conferring, find that their positions on the matter are identical.

**IT IS SO ORDERED.**

**DATE: December 23, 2013**  	s/ *Michael J. Reagan*  
	**MICHAEL J. REAGAN**  
	United States District Judge