IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW SCHAEFER & CYNTHIA SCHAEFER, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )<br>) |
| | ) Case No. 10–cv–0791–MJR–PMF |
| UNIVERSAL SCAFFOLDING & EQUP., LLC; BRAND ENERGY SERVS., LLC; & DYNEGY MIDWEST GENERATION, LLC; | )<br>)<br>)<br>) |
| | )<br>) |
| Defendants. | ) |

## ORDER

**REAGAN, District Judge:**

Due to a lack of clarity regarding federal subject matter jurisdiction over this case, the Court ordered a round of short briefing regarding the citizenship of the parties. Most concerning was the citizenship of Defendant Dynegy Midwest Generation, LLC ("Dynegy"), whose membership was unclear from the pleadings.

Dynegy filed a helpful brief showing it is an LLC, the membership of which comprises only one other LLC, the membership of which (in turn) comprises a single LLC, which is in turn solely owned by a Delaware corporation with its principal place of business in Texas. For the purposes of diversity jurisdiction, Dynegy is therefore a citizen of both Delaware and Texas. *See Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007); *Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006). Because Plaintiffs both enjoy Illinois citizenship,[1] there is

---

[1] Plaintiffs' supplemental briefing proclaims they are both Illinois "residents" who "believe" Defendant Universal Scaffolding is a citizen of Tennessee. Plaintiffs are reminded: Seventh Circuit precedent clearly requires more to establish citizenship. *Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012) (establishing

1

diversity between Plaintiffs and Dynegy. Further, it was clear from the Notice of Removal that Defendant Universal Scaffolding & Equipment, LLC, enjoys Tennessee citizenship. (Doc. 2, 2). So far, so good.

But Defendant Brand Energy Services' ("Brand's") memorandum lacks the information required for the Court to determine Brand's citizenship. Brand is an LLC whose citizenship depends on its members. And Brand has only one member: another LLC, Brand Scaffold Services. Brand Scaffold, in turn, is "managed" by a Board of Managers which currently consists of only one individual who "resides" in Georgia. Residency does not suffice to establish citizenship, *Winforge, Inc. v. Coachmen Indus., Inc.*, **691 F.3d 856, 867 (7th Cir. 2012)**, and it remains unclear just who are the members (not the managers) of Brand Scaffold, *see Thomas v. Guardsmark, LLC*, **487 F.3d 531, 534 (7th Cir. 2007) ("[A]n LLC's jurisdictional statement must identify the citizenship of each of its members … and if those members have members, the citizenship of those members as well.").**

Brand is accordingly **ORDERED** to remedy those defects by filing another jurisdictional statement (not to exceed one page) before the close of business on January 9, 2014.

IT IS SO ORDERED.

DATE: <u>January 9, 2014</u>     s/ *Michael J. Reagan*
                                                                      **MICHAEL J. REAGAN**
                                                                      United States District Judge

---

**citizenship requires domicile, not residence);** *Med. Assur. Co., Inc. v. Hellman*, **610 F.3d 371, 376 (7th Cir. 2010) (alleging citizenship on the "best of … knowledge and belief" insufficient).** The error is harmless, though. The Notice of Removal clearly alleges Plaintiffs' Illinois citizenship, and contains no hedging language to muddle the matter (Doc. 2, 1).