IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW SCHAEFER and<br>CYNTHIA SCHAEFER, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )   Case No. 3:10-cv-00791-PMF |
| | ) |
| UNIVERSAL SCAFFOLDING &<br>EQUIPMENT, LLC, DYNEGY MIDWEST<br>GENERATION, LLC and BRAND ENERGY<br>SERVICES, LLC, | )<br>)<br>)<br>) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**FRAZIER, Magistrate Judge:**

Before the Court are the joint motions for summary judgment filed by defendants Dynegy Midwest Generation, LLC (Dynegy) and Brand Energy Services, LLC (Brand) (Doc. 245).

The present motions were prompted by events at the Final Pretrial Conference conducted Feb. 20, 2015. During that conference, rulings on pretrial motions made it obvious to the undersigned that plaintiffs were not going to be able to present evidence at a jury trial sufficient to counter the inevitable Rule 50 motions. With that in mind, all participants, including plaintiffs, agreed that disposal of the remaining counts via summary judgment will be most efficient. It should, of course, be noted and remembered that plaintiffs dispute the rulings which put the case in that position and have requested reconsideration (Doc. 246).

This case has a long procedural history. Various claims have been pared from the case in prior rulings by Judge Reagan (Doc. 159) and by me (Doc. 199). The remaining claims are Count V against Dynegy and Count VI against Brand for spoliation of evidence, and Count VII, a loss of consortium claim against both Dynegy and Brand.

1

The facts alleged to support the above mentioned claims are well chronicled by those prior orders and need not be rehashed.

## **Spoliation Claims**

Spoliation of evidence is a negligence claim. *Martin v. Keeley & Sons, Inc.*, 979 N.E.2d 22, 27 (Ill. 2012). To succeed on such a claim, an Illinois plaintiff must plead and prove: (1) the defendant owed a duty to preserve the evidence; (2) the defendant breached that duty by either losing or destroying the evidence; (3) the loss/destruction of the evidence proximately caused the plaintiff's inability to prove an underlying lawsuit; and (4) actual damages. *Id*. Plaintiffs need not show they would have prevailed in the underlying action, but rather that they had a "reasonable probability of succeeding" in the underlying case. *Boyd v. Travelers Insurance Co.*, 652 N.E. 2d 267, 271 n.2.

The fatal flaw in plaintiffs' case lies in the third of those elements, causation, which is a crucial aspect of both the negligence and products liability claims. Judge Reagan addressed this in granting Universal's successful motion for summary judgment. (Doc. 159, pp.16-19). He examined three Illinois cases, *Phillips v. U.S. Waco Corp.*, 516 N.E.2d 670 (Ill. App. 1987), *Sanchez v. Firestone*, 604 N.E.2d 948 (Ill. 1992), and, *Shramek v. General Motors Corp.* 216 N.E.2d 244 (Ill. App. 1966), to conclude that without examination of the scaffolding itself, finding the scaffolding which struck Matthew Schaefer was defective would be impermissibly speculative. That conclusion covered both the negligence and strict products liability claims.

Plaintiffs identified a few people who had hands on the particular scaffolding piece which struck Matthew Schaefer: Mr. Schaefer himself, co-worker Maynard Hudson, Brand superintendent Ryan Wampler, Brand Division Sales Manager Robert Henderson, and Dynegy

Health & Safety Director Don Watson.  None of them were able to identify any specific defect or irregularity in the piece.

Two "expert"[1] witness tendered by plaintiffs, Geno Maniago and Richard Unger, admitted that they had neither inspected nor tested the subject scaffolding.  Maniago never examined or tested any actual pieces of cup lock scaffolding in connection with his inspection.  Unger did examine two exemplar pieces of scaffolding from Universal but found no defects or irregularities.  No testing was performed by either man.  Maniago based his opinion on an assumption that plaintiff and Hudson had testified the subject bar was bent or twisted, a premise which he later acknowledged was faulty because neither man actually saw any twist, bend or defect in the product.  It appears that both "experts" based their opinions on a *res ipsa loquitur* approach, a theory which is not as issue in this case.  It goes without saying that neither "expert" had any idea what condition the subject scaffolding was in when it left the manufacturer's control.

There being absolutely no direct evidence upon which causation may be proven, plaintiffs' fate hangs on the ability of their experts to carry the day.  Any conclusion by either of them would be based on pure guesswork and would therefore be disallowed.

Without direct evidence or connection from an expert there could be no proof of causation, and, therefore, plaintiffs do not have a reasonable probability of success on the merits of the underlying claims.  They have, in fact, no chance.   For that reason, the spoliation claims fail.

---

[1] Neither Mr. Maniago nor Mr. Unger were challenged by Dynegy or Brand concerning their status as expert witnesses. There is no need to perform an in-depth Rule 702-703 examination, but it is a good time to note my serious doubt that either would have survived *Daubert* scrutiny. I believe that an expert opinion regarding a scaffolding system would be properly rooted in engineering/physics analysis or metallurgy. Unger has an engineering background, but did not use it to form his opinion. Maniago was tendered as a "scaffolding expert" based on years of experience with scaffolding systems. "Scaffoldingology" is not a recognized science. In any event, the fact that neither of them did any testing or analysis subject to recognized, reviewable standards would be fatal to their status as experts.

This begs the question of how would a plaintiff ever prove such a case. The only thing which comes immediately to mind would be to obtain substantially identical exemplars for examination and testing, which did not happen here. There may be other means, but that is not an issue today. Spoliation claims are typically Hail Mary add-on's to other theories and for obvious reason. They are very difficult to prove.

### Loss of Consortium Claims

Cynthia Schaefer's consortium claims against Dynegy and Brand, Count VII, obviously fail. Those claims are derivative and are viable only to the extent her husband's claims survive. *Johnson v. May*, 585 N.E.2d 224, 232 (Ill. App. 1992) ("To recover on a loss of consortium claim, the deprived spouse must prove liability on the part of the defendant, marriage to the injured spouse, and damages").

### Conclusion

For the foregoing reasons, the Joint Motion for Summary Judgment by defendants Dynegy and Brand are GRANTED (Doc. 245). Plaintiffs' Joint Motion for Reconsideration is DENIED (Doc. 246). Defendant Brand's crossclaims against Dynegy and Universal are dismissed as moot (Doc. 86). All other pending motions are now moot.

SO ORDERED.

DATED:   June 4, 2015.

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**