# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW SCHAEFER and CYNTHIA SCHAEFER, | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | )    Case No. 3:10 CV 791 RJD <br> ) |
| UNIVERSAL SCAFFOLDING & EQUIPMENT, LLC, et al., | ) <br> ) <br> ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DALY, Presiding Judge:**

Before the Court are Defendants' Motion to Reconsider and Defendant Dynegy Midwest Generation, LLC's Motion for Leave to Amend. (Docs. 297, 298.) On June 16, 2010, Plaintiffs filed this action against Defendant Universal Scaffolding & Equipment ("Universal"), alleging claims of negligence, strict liability, and loss of consortium. (Doc. 2-1.) At this stage of the proceedings, Plaintiffs' remaining claims against Dynegy and Brand consist of claims of negligent spoliation and loss of consortium. (Doc. 283.)

### Motion to Reconsider

Defendants request that the Court reconsider a ruling from an Order that disposed of several pretrial motions and issues raised in trial briefs. Specifically, Defendants challenge the Court's decision denying Defendant Brand's request for a jury instruction stating that Plaintiff's lawyers acted as Plaintiff's agents for purposes of assessing contributory negligence. The Court found that Defendants had not shown an agency relationship between Plaintiffs and their counsel under Illinois law. In relevant part, the Order states:

> Additionally, Defendant Brand seeks Plaintiffs' counsel's testimony in furtherance of the affirmative defense of comparative fault and asks the Court to find that Plaintiffs' counsel acted as Plaintiffs' agent. (Doc. 227.) Illinois courts have adopted the doctrine of comparative negligence under which "each party must bear the burden of the percentage of damages of all parties in direct proportion to his fault." *Alvis v. Ribar*, 421 N.E.2d 886, 897 (Ill. 1981). "A principal-agent relationship exists when the principal has the right to control the manner in which the agent performs his work and the agent has the ability to subject the principal to personal liability." *Amigo's Inn, Inc. v. License Appeal Comm'n of City of Chicago*, 822 N.E.2d 107, 113 (Ill. App. Ct. 2004). Under Illinois law, "when attorneys act pursuant to independent professional judgment, they are presumptively independent contractors whose alleged misconduct may not be imputed to their clients, unless it is shown that the client directed, controlled, authorized, or ratified the alleged misconduct." *Horwitz v. Holabird & Root*, 816 N.E.2d 272, 284 (Ill. 2004). Defendants have not shown that Plaintiffs directed their counsel in this manner, and the Court denies Defendant Brand's motion for a finding that Plaintiffs' counsel acted as Plaintiffs' agent. Although Plaintiffs' instructions to counsel and knowledge of his counsel's conduct may be relevant for purposes of comparative fault, eliciting testimony from Plaintiffs' counsel is not necessary for this purpose.

(Doc. 283 at 4-5)

In support of their motion, Defendants argue that *Horwitz* does not apply to this action because *Horwitz* addressed the question of whether clients may be held liable for an attorney's intentional torts, and, by contrast, Plaintiff's claims sound in negligence. To Defendants' point, in *Horwitz*, the Illinois court states, "[T]his opinion must be understood as limited to the narrow scope of vicarious liability claims against a client based upon an attorney's alleged intentional tortious conduct." *Horwitz*, 816 N.E.2d at 284. However, the Court disagrees with Defendants to the extent that they suggest that *Horwitz* forecloses the extension of its holding to negligent tortious conduct. Several factors convince the Court that whether clients should be held liable for an attorney's negligent conduct is an open issue under Illinois law. To start, *Horwitz* does not discuss whether clients should be held liable for their attorneys' negligent conduct, which indicates that the *Horwitz* court did not meaningfully consider or intend to resolve the issue. Moreover, the arguments before the *Horwitz* court pertained to intentional conduct; thus, any

statements regarding vicarious liability for negligent conduct would have likely constituted dicta. Additionally, Defendants have cited no Illinois cases that speak to the issue of whether clients may be held liable for an attorney's negligent conduct and no cases that support Defendants' interpretation of *Horwitz*.

When presented with an open question of state law, "a federal court must attempt to decide the case as the highest court of the state supplying the law would do." *Todd v. Societe BIC, S.A.*, 9 F.3d 1216, 1221 (7th Cir. 1993). The reasoning of *Horwitz* offers no basis to distinguish between clients' liability for the negligent torts of their attorneys and their liability for the intentional torts of their attorneys. In *Horwitz*, the court determined that whether clients may be held liable for an attorney's intentional torts was an issue of first impression. *Horwitz*, 816 N.E.2d at 277. The court noted a split of authority between other state courts and sided with those that declined to impose vicarious liability for the actions of attorneys. *Id.* at 278. Significantly, none of the cases on either side of the split of authority distinguishes between negligent or intentional conduct. *See Baldasarre v. Butler*, 625 A.2d 458 (1993); *Stumpf v. Continental Casualty Co.*, 794 P.2d 1228 (1990); *Southwestern Bell Telephone Co. v. Wilson*, 768 S.W.2d 755 (Tex. Ct. App.1988); *Peterson v. Worthen Bank & Trust Co., N.A.*, 753 S.W.2d 278 (Ark. 1988); *Lynn v. Superior Court*, 180 Cal.App.3d 346 (1986);[1] *United Farm Bureau Mutual Insurance Co. v. Groen*, 486 N.E.2d 571 (Ind. App. 1985); *Plant v. Trust Co. of Columbus*, 310 S.E.2d 745 (Ohio 1983); *Continental Insurance Co. v. Bayless & Roberts, Inc.*, 608 P.2d 281 (Alaska 1980); *Nyer v. Carter*, 367 A.2d 1375 (Me. 1977).

The *Horwitz* court reasoned that the nature of an attorney-client relationship is such that an attorney most frequently operates as an independent contractor rather than an agent; therefore,

---

[1] In *Lynn*, the court declined to impose vicarious liability on a client for the conduct of the attorney for both intentional and negligent torts. Although the *Lynn* court was presented with an opportunity to draw the distinction sought by Defendants, it declined to do so.

in line with general agency principles, the intentional conduct of an attorney cannot be imputed to the client absent a showing that the client specifically directed or ratified the attorney's specific conduct. *Horwitz*, 816 N.E.2d at 277-79. The court further reasoned that to hold otherwise would lead to the untenable requirement that the client closely scrutinize their attorneys to avoid tortious liability. *Id.* at 281. As stated by the *Horwitz* court, "This would not only chill the willingness of Illinois citizens to vindicate their legal rights, it would make them ultimately responsible for their own legal representation – the very act for which they hire an attorney in the first place." *Id.* This reasoning applies with even greater force in the case of negligent tortious conduct, which is often more subtle than intentional tortious conduct, and would thus require an even greater level of scrutiny.

Defendants also rely on a litany of federal cases for the proposition that clients are bound by the actions of their attorneys. *See Link v. Wabash Railroad Company*, 370 U.S. 626 (1962); *Smego v. Payne*, 854 F.3d 387 (7th Cir. 2017); *Bakery Machinery & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009); *United States v. 7108 West Grand Avenue*, 15 F.3d 632, 634 (7th Cir. 1994); *United States v. DiMucci*, 879 F.2d 1488, 1496 (7th Cir. 1989); *Tolliver v. Northrop Corporation*, 786 F.2d 316, 319 (7th Cir. 1986). As an initial matter, whether a party is liable for the conduct of another is a substantive issue, and therefore, Illinois law rather than federal law controls. *See Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996) ("Under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law."). Additionally, the cases cited by Defendants share a common theme – each of these cases finds a client accountable for the actions of an attorney who failed to raise an objection in court; failed to appear at a court proceeding; or failed to meet a court deadline. Holding a client accountable for the attorney's conduct as it pertains to the

client's court obligations is fundamentally different than holding a client accountable for the attorney's conduct as it pertains to tortious liability to third parties. Indeed, in *Horwitz*, the Supreme Court of Illinois condoned the former as it disapproved of the latter, stating that the holding did not "impact the ability of an attorney to bind his or her client in a traditional, representational context." *Horwitz*, 816 N.E.2d at 284.

For the foregoing reasons, the Court concludes that the Supreme Court of Illinois would extend *Horwitz* to negligent conduct. Accordingly, Defendants' Motion to Reconsider is denied.

## Motion for Leave to Amend

Defendant Dynegy moves for leave to amend its affirmative defenses to include the affirmative defense of comparative fault. Courts have broad discretion to grant or deny leave to amend "where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

Plaintiffs argue that that the affirmative defense is futile because Plaintiffs had no duty to preserve the bar. Plaintiffs' arguments suggest that, because the Court has concluded that Defendants owed a duty to preserve the bar, Plaintiffs do not, and Plaintiffs' efforts to preserve the bar are wholly irrelevant. However, none of the decisions in this case have held that Defendants were exclusively responsible for the preservation of the bar. Rather, Illinois law provides that "[a] plaintiff is contributorily negligent when she acts without that degree of care which a reasonably prudent person would have used for her own safety under like circumstances, and which action is the proximate cause of her injury." *Blacconeri v. Aguayo*, 478 N.E.2d 546, 549–50 (Ill. App. 1985); Ill. Pattern Jury Instr.-Civ. B10.03 (applying contributory negligence to a plaintiff's failure to exercise reasonable care with respect to property). It is often the case in

5

negligence actions that both plaintiffs and defendants owe a duty of reasonable care, and this case does not appear to be an exception.

Plaintiffs also argue that Defendant Dynegy's affirmative defense of comparative negligence would be futile because "any duty that Plaintiffs might have had to notify Defendants of the lawsuit and need to preserve the Bar was satisfied by Defendants' actual knowledge of the lawsuit and their actions to preserve the bar." However, the question of whether any party fulfilled a duty of reasonable care is for the jury. *Curtis v. Cook Cty.*, 456 N.E.2d 116, 119 (Ill. 1983); *Clifford v. Wharton Bus. Grp., L.L.C.*, 817 N.E.2d 1207, 1218 (Ill. App. 2004); *Rexroad v. City of Springfield*, 796 N.E.2d 1040, 1047 (Ill. App. 2003).

Additionally, Plaintiffs argue that Defendant Dynegy's motion is untimely, noting that Plaintiffs first asserted the claim of spoliation in July 2012 and that Defendants filed the instant motion four months before trial. "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). "The purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it." *Williams v. Lampe*, 399 F.3d 867, 871 (7th Cir. 2005). "Thus, where the plaintiff has an opportunity to respond to a late affirmative defense, he cannot establish prejudice merely by showing that the case has progressed significantly since the defendants answered his complaint." *Id.*; *see also Venters v. City of Delphi*, 123 F.3d 956, 968 (7th Cir. 1997) ("appellate courts are not inclined to find a technical failure to comply with Rule 8(c) fatal . . . so long as the record confirms that the plaintiff had adequate notice of the defense and was not deprived of the opportunity to respond.").

On July 19, 2012, Defendant Dynegy filed an answer with the following affirmative defenses:

EIGHTH AFFIRMATIVE DEFENSE

>Plaintiffs' underlying injuries were caused, in whole or in part, by Plaintiff Matthew Schaefer's negligent conduct and/or other comparative fault. Plaintiffs' underlying injuries were caused, in whole or in part, by the negligent conduct and/or other comparative fault of third-parties for which DMG has no responsibility.

NINTH AFFIRMATIVE DEFENSE

>The alleged loss of the subject scaffolding as set forth in Count V was caused, in whole or in part, by the negligent conduct and/or other comparative fault of third-parties for which DMG has no responsibility.

(Doc. 86 at 13-14.) On July 20, 2012, Defendant Brand filed an answer asserting comparative negligence against Plaintiffs for the negligent spoliation claim. (Doc. 92.) Although Defendant Dynegy's answer could have been more unambiguous in asserting comparative negligence against Plaintiff for the negligent spoliation claim, Defendant Brand's answer clearly put Plaintiffs on notice that Plaintiffs' efforts to preserve the bar were at issue in this case. Moreover, Defendant Dynegy further clarified its position two and a half years ago. In a motion filed on February 2, 2015, Defendant Dynegy argued that a finding that Plaintiff waived attorney-client privilege was necessary for Defendant Dynegy to pursue its "affirmative defense of comparative negligence." (Doc. 219 at 5.) In short, the record indicates that Plaintiffs received ample notice, and Plaintiffs have not shown any prejudice that would result from allowing Defendant Dynegy to amend.

Accordingly, Defendant Dynegy's Motion for Leave to Amend is granted.

## **CONCLUSION**

Based on the foregoing, it is hereby ORDERED that Defendants' Motion to Reconsider (Doc. 297) is DENIED. It is further ORDERED that Defendant Dynegy Midwest Generation, LLC's Motion for Leave to Amend (Doc. 298) is GRANTED. Defendant Dynegy must file the amended pleading by September 20, 2017.

**SO ORDERED.**

**DATED:  September 13, 2017**                                     *s/       Reona J. Daly*
                                                                                                 **UNITED STATES MAGISTRATE JUDGE**